IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ERNEST LUNA,

                 Petitioner,

       v.                        CASE NO.  12-3054-SAC

STATE OF KANSAS,
et al.,

               Respondents.

### O R D E R

The initial pleading filed in this matter is entitled "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254." The action was filed pro se by an inmate currently confined in the Harvey County Detention Center, Newton, Kansas. Having considered the materials filed, the court finds several deficiencies. Petitioner is required to submit his § 2254 petition upon court-approved forms and cure the deficiencies discussed herein.


**FILING FEE**

The filing fee for a habeas corpus action is $5.00. Mr. Luna has neither paid the filing fee nor submitted a current proper motion to proceed in forma pauperis (IFP). He has improperly attached many things to his petition, and the last page is a certified statement of his inmate account, which the court directed the clerk to copy and file as petitioner's motion to proceed in

1

forma pauperis.  However, the financial information on this form is from 2009, and cannot be used to support an IFP motion.

Petitioner is ordered to either pay the filing fee or file a proper motion to proceed in forma pauperis upon forms provided by the court that is supported with current financial information.  A prisoner seeking to bring a habeas action without payment of fees must submit an affidavit that includes a statement of the prisoner's assets.  28 U.S.C. § 1915(a)(1).  The prisoner must also submit a certified accounting of the funds available to him in his institutional account.  D.Kan.Rule 9.1(g).[1]  *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 3(a)(2)(habeas petition must be accompanied by "a motion for leave to proceed in forma pauperis, the affidavit required by 28 U.S.C. § 1915, and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution").  The clerk shall be directed to send forms for filing a proper IFP motion.  This action may not proceed until Mr. Luna has satisfied the filing fee prerequisite in one of these two ways.  If he does not satisfy the filing fee within the time

---

[1]*See* D.Kan.Rule 9.1(g)(2)(A) which reads:

"Where a petitioner, movant, or plaintiff is an inmate of a penal institution and desires to proceed without prepayment of fees, he or she must also submit a certificate executed by an authorized officer of the institution in which he or she is confined. The certificate must state the amount of money or securities on deposit to his or her credit in any account in the institution."

2

allotted, this action may be dismissed without further notice.

## PETITION NOT ON FORMS

Mr. Luna is required by local court rules to submit his habeas corpus petition upon court-approved forms.  D.Kan. Rule 9.1(a). The clerk will be directed to send forms to Mr. Luna.  He must answer all applicable questions to the best of his ability on the forms and to cure the deficiencies discussed herein.  He must write the number of this case, 12-3054, on the front page of his form-petition.

Mr. Luna's allegations in his petition indicate that he seeks to challenge his 1999 conviction and sentence in Harvey County District Court.  After four pages of arguing the merits of his claims, Mr. Luna attaches statements addressed "To Whom it May Concern" and various exhibits.  He does not clearly state his claims, the facts in support of each claim, and the facts regarding exhaustion as to each claim.  The forms will hopefully facilitate his properly stating these necessary parts to each of his claims.

## PETITION APPEARS TO BE TIME BARRED

Mr. Luna was sentenced in 1999.  He provides no information as to a direct criminal appeal.  He mentions a "state petition of habeas corpus" handled by the appellate defender's office, and states that the Kansas Supreme Court denied review.  However, he

does not provide the date on which he filed any state post-conviction motion in the Harvey County District Court.  He is required to provide this information in his new federal petition that is on the forms.

The statute of limitations for filing a federal habeas corpus petition is set forth in 28 U.S.C. § 2244(d)(1), as follows:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

The "limitation period shall run from" the "latest of" four dates, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  The statute provides for tolling of the statute of limitations during the pendency of any "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim . . . ."  28 U.S.C. § 2244(d)(2).

Since Mr. Luna was sentenced over 12 years ago, it seems very likely that the one-year period in which he was to file his federal habeas petition has expired.  Thus, he must carefully respond to the question on his form petition as to timeliness.  If Mr. Luna cannot show that he is entitled to statutory tolling, as by the pendency of state direct criminal appeals and state post-conviction proceedings for the past 12 years; then he must allege facts showing that he is entitled to equitable tolling.

A litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001)(Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."). In the habeas corpus context, equitable tolling has been limited to "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 800 (10th Cir. 2000). The Tenth Circuit has stated that equitable tolling "would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct--or other uncontrollable circumstance--prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." Id. (internal citations omitted); Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003). Complaints about unfamiliarity with the legal process and illiteracy have been found to provide no basis for equitable tolling. See Scott v. Johnson, 227 F.3d 260, 263 FN3 (5th Cir. 2000), cert. denied, 532 U.S. 963 (2001). Moreover, ignorance of the law generally and of the AEDPA time limit in particular will not excuse untimely filing, even for an incarcerated pro se prisoner. Marsh, 223 F.3d at 1220; Gibson,

232 F.3d at 808.   "Simple excusable neglect is not sufficient."

Id.   In addition, complaints regarding a state inmate's post-conviction counsel generally do not entitle him to equitable tolling.   As the Tenth Circuit recently explained in Hallcy v. Milyard, 387 Fed.Appx. 858, 860 (10th Cir. 2010)(unpublished)[2]:

> The Supreme Court has recently affirmed that §
> 2244(d)'s limitations period is subject to
> equitable tolling.   Holland v. Florida, 78
> U.S.L.W. 4555, No. 09-5327, 2010 WL 2346549,
> at *9 (U.S. June 14, 2010).   But, in doing so,
> the Court also affirmed that a habeas
> petitioner seeking equitable tolling must
> clear a high hurdle.   "[A] petitioner is
> entitled to equitable tolling only if he shows
> (1) that he has been pursuing his rights
> diligently, and (2) that some extraordinary
> circumstance stood in his way and prevented
> timely filing."   Id. at *12 (internal
> quotation marks omitted); accord Yang v.
> Archuleta, 525 F.3d 925, 929 (10th Cir.
> 2008)("'Equitable tolling is a rare remedy to
> be applied in unusual circumstances, not a
> cure-all for an entirely common state of
> affairs.'" (quoting Wallace v. Kato, 549 U.S.
> 384, 396 (2007))).

Id.   Mr. Luna will be given time to allege facts in his new form petition showing that he is entitled to equitable tolling and that this petition should not be dismissed as time barred under 28 U.S.C. § 2244(d)(1).   If he fails to comply this action may be dismissed without further notice.


**OTHER ATTACHMENTS AND CLAIMS**

---

[2]      This unpublished opinion is not cited herein as binding precedent, but for persuasive value.   See Fed.R.App.P. 32.1 and 10th Cir.R. 32.1.

As noted, Mr. Luna has attached several statements and exhibits to his petition. Most of what Mr. Luna writes in his statements and several of his attachments appears to be simply irrelevant, such as he pleas for leniency, and will not be considered further herein. The court will not consider any separate claims that may be raised in these attachments. Any facts that he alleges in these attachments that are meant to be in support of his § 2254 claims regarding his 1999 convictions must be stated in his new form petition.

Mr. Luna improperly raises other matters that are either not at all related to his challenges to his 1999 convictions or are not even habeas corpus claims. For example, his allegation that his release to a detainer and current detention in the Harvey County Detention Center for "In the Matter of the Care and Treatment of Ernest J. Luna" is illegal may be habeas in nature. However, it does not appear to relate to his challenges to his 1999 conviction. Accordingly, it must be raised in a completely separate § 2254 petition. Furthermore, before any claim regarding his current detention may be heard in federal court, it must have been fully exhausted through proper use of the remedies available in the state courts.

Mr. Luna's allegations in an attachment that he has been unable to obtain his state criminal records and medical records and his complaints regarding his "hired attorney" may be presented in

his new petition.  However, these general statements without facts or exhibits in support are simply not sufficient to show either that he diligently pursued his remedies for the entire 12-year period or that he is entitled to equitable tolling.  The only request made to a court for a record that he exhibits with a response is dated 2006 and is for a probable cause affidavit.  All statements and evidence showing that he is entitled to statutory or equitable tolling must be presented in his new petition.

Mr. Luna requests in one of his attachments that copies of all his filings be sent to him.  It is his responsibility to prepare duplicates of all papers he submits to the court for filing and to maintain his own records.

**APPOINTMENT OF COUNSEL**

In one of his statements attached to his petition (Doc. 1), Mr. Luna asks for appointment of a federal public defender to assist him.  In order to ask the court to take some action in a case, like appointment of counsel, Mr. Luna must file a separate motion with the caption and case number of the case on the first page and a title, such as Motion for Appointment of Counsel. Otherwise, his requests might not be properly docketed and considered.

There is no constitutional right to appointment of counsel in a federal habeas corpus proceeding unless the court determines that

an evidentiary hearing is required.  The court has not made such a determination in this case, and a proper pleading has not even been submitted.  Nor is it apparent that the court will be able to consider petitioner's claims due to the statute of limitations. Accordingly, petitioner's request for counsel is denied at this time, without prejudice.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner's Motion for Leave to Proceed in forma pauperis (Doc. 2) is defective as based upon outdated financial information and not upon forms, and petitioner is granted thirty (30) days in which to satisfy the filing fee for this action by either paying the $5.00 fee or submitting a proper motion to proceed in forma pauperis upon court-provided forms that is accompanied by the requisite certified statement of his current inmate account balance.

**IT IS FURTHER ORDERED** that within the same thirty-day time period, petitioner is required to submit his habeas corpus petition upon court-provided forms and to show cause in the form petition why his federal habeas corpus claims should not be dismissed as time barred.

The clerk is directed to send petitioner forms for filing a § 2254 petition and an IFP motion.

**IT IS SO ORDERED.**

Dated this 20th day of April, 2012, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge